UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

| | |
|---|---|
| EDWIN ALEXANDER ACEVEDO-GARCIA, | Petitioner, |
| v. | Civil Action No. 4:26-cv-249-DJH |
| SAMUEL OLSON, Field Office Director, Chicago Field Office, U.S. Immigration and Customs Enforcement et al., | Respondents. |

\* \* \*

| | |
|---|---|
| MARTHA LILIANA NAVARRETE, | Petitioner, |
| v. | Civil Action No. 4:26-cv-257-DJH |
| MARKWAYNE MULLIN, Secretary, Department of Homeland Security et al., | Respondents. |

\* \* \*

| | |
|---|---|
| JASANPREET SINGH, | Petitioner, |
| v. | Civil Action No. 4:26-cv-261-DJH |
| MIKE LEWIS, Jailer, Hopkins County Jail et al., | Respondents. |

\* \* \*

| | |
|---|---|
| MANPREET TOOR, | Petitioner, |
| v. | Civil Action No. 4:26-cv-264-DJH |
| MIKE LEWIS, Jailer, Hopkins County Jail et al., | Respondents. |

\* \* \*

| | |
|---|---|
| AZAMJON NEMATOVICH RAKHIMOV, | Petitioner, |
| v. | Civil Action No. 4:26-cv-273-DJH |
| MIKE LEWIS, Jailer, Hopkins County Jail et al., | Respondents. |

\* \* \*

| | |
|---|---|
| MORELIS YELISCAR SANCHEZ RAMIREZ, | Petitioner, |
| v. | Civil Action No. 4:26-cv-274-DJH |
| JASON WOOSLEY, Jailer, Grayson County Detention Center et al., | Respondents. |

\* \* \*

1

AVLOK SINGH,

Petitioner,

v.

Civil Action No. 4:26-cv-275-DJH

TODD BLANCHE, Acting U.S. Attorney
General et al.,

Respondents.

\* \* \*

HENRY EDENILSON SOLORZANO-DIAZ,

Petitioner,

v.

Civil Action No. 4:26-cv-289-DJH

SAMUEL OLSON, Field Office Director,
Chicago Field Office, U.S. Immigration and
Customs Enforcement et al.,

Respondents.

\* \* \*

HARPREET SINGH,

Petitioner,

v.

Civil Action No. 4:26-cv-291-DJH

ARTHUR MAGLINGER, Jailer, Daviess
County Detention Center et al.,

Respondents.

\* \* \*

DANIELA JULISSA LARREINAGA-RUIZ,

Petitioner,

v.

Civil Action No. 4:26-cv-293-DJH

JASON WOOSLEY, Jailer, Grayson County
Detention Center et al.,

Respondents.

\* \* \*

XIUMI LIN,

Petitioner,

v.

Civil Action No. 4:26-cv-294-DJH

JASON WOOSLEY, Jailer, Grayson County
Detention Center et al.,

Respondents.

\* \* \*

LUIS ESMEIRO ARAUJO GONZALEZ,

Petitioner,

v.

Civil Action No. 4:26-cv-297-DJH

MIKE LEWIS, Jailer, Hopkins County Jail
et al.,

Respondents.

\* \* \*

EDITH SANCHEZ-GOMEZ,

Petitioner,

v.

Civil Action No. 4:26-cv-305-DJH

JASON WOOSLEY, Jailer, Grayson County
Detention Center et al.,

Respondents.

\* \* \*

2

AMAN KUMAR,                                                      Petitioner,
v.                                        Civil Action No. 4:26-cv-309-DJH
MIKE LEWIS, Jailer, Hopkins County Jail
et al.,                                                        Respondents.

* * *

MAURICIO ANIBAL MEJIA LEMUS,                                     Petitioner,
v.                                        Civil Action No. 4:26-cv-323-DJH
MIKE LEWIS, Jailer, Hopkins County Jail
et al.,                                                        Respondents.

* * *

JUAN BAUTISTA LUNA CUADRA,                                       Petitioner,
v.                                        Civil Action No. 4:26-cv-325-DJH
MARKWAYNE MULLIN, Secretary,
Department of Homeland Security et al.,                         Respondents.

* * *

ABDIFATAH OMAR MOHAMUD,                                          Petitioner,
v.                                        Civil Action No. 4:26-cv-339-DJH
MIKE LEWIS, Jailer, Hopkins County Jail
et al.,                                                        Respondents.

* * *

ARACELI MARTINEZ-REYES,                                          Petitioner,
v.                                        Civil Action No. 4:26-cv-353-DJH
JASON WOOSLEY, Jailer, Grayson County
Detention Center et al.,                                        Respondents.

* * * * *

## MEMORANDUM AND ORDER

In each of the above-captioned cases, the petitioners resided in the United States when federal immigration authorities recently took them into custody. None of the petitioners has received an individualized bond hearing pursuant to 8 U.S.C. § 1226(a) to determine whether they present a flight risk or danger to the community. The petitioners assert that they are detained pursuant to 8 U.S.C. § 1226(a) and entitled to a bond hearing and that their detention without a bond hearing violates due process. Respondents maintain that § 1225(b)(2) requires the petitioners' detention. The Sixth Circuit has now addressed that dispute in *Lopez-Campos v.*

*Raycraft*, Nos. 25-1965/1969/1978/1982, 2026 WL 1283891 (6th Cir. May 11, 2026).  Consistent with the Sixth Circuit's decision, the Court will grant the petitions and order the petitioners' immediate release for the reasons explained below.

### I.

The Sixth Circuit found in *Lopez-Campos* that "an 'applicant for admission' is not necessarily 'seeking admission'" for purposes of § 1225(b)(2)(A).  *Id.* at *11.  As the panel observed, the statute defines an "applicant for admission" as a noncitizen "present in the United States who has not been admitted," § 1225(a)(1), but it does not define "seeking admission," § 1225(b)(2)(A).  *See Lopez-Campos*, 2026 WL 1283891, at *2–4.  The Sixth Circuit held that "for a noncitizen to be 'seeking admission' under § 1225(b)(2)(A), the noncitizen must actively be in search of lawful entry into the United States via inspection and authorization by an immigration officer."  *Id.* at *4.  It rejected the argument that "any noncitizen who attempts to remain in the United States after being arrested and detained by immigration officials is 'seeking admission.'"  *Id.* at *9.

The petitioners here are applicants for admission because they are noncitizens "present in the United States who ha[ve] not been admitted."  8 U.S.C. § 1225(a)(1).  But the petitioners are not "seeking admission" under § 1225(b)(2)(A) because they are not "actively . . . in search of lawful entry into the United States via inspection and authorization by an immigration officer" despite remaining in the United States after immigration officials initially detained them upon entry.  *Lopez-Campos*, 2026 WL 1283891, at *4; *see id.* at *9.  Therefore, § 1226(a), not § 1225(b)(2)(A), governs their detention.  *See id.* at *11 (noting that "'§ 1226 applies to aliens already present in the United States' and 'creates a default rule for those aliens by permitting—but not requiring—the Attorney General to issue warrants for their arrest and detention pending

removal proceedings'" (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018))). Each petitioner is thus entitled to a bond hearing. *See id.* at *1 (affirming district courts' findings that petitioners were detained under § 1226(a) and thus entitled to bond hearings).

Because the petitioners have not received individualized bond hearings, the Court must determine the proper remedy. *See Rodriguez v. Raycraft*, No. 4:26-cv-0302, 2026 WL 656956, at *10 (N.D. Ohio Mar. 9, 2026). In *Lopez-Campos*, the Sixth Circuit affirmed the district courts' determinations that "the government's detention of Petitioners without bond under § 1226(a) was a deprivation of liberty that violated Petitioners' due process rights" under the Fifth Amendment. 2026 WL 1283891 at *13. But the Sixth Circuit did not require a particular remedy for that violation. *See id.* at *11–13. In accordance with *Lopez-Campos* and this Court's prior decisions addressing the same issue, the Court concludes that the petitioners' detention without a bond hearing violates due process, *see id.* at *13, and will order their immediate release. *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure release from unlawful detention." (emphasis omitted)); *see also, e.g.*, *Singh v. Lewis*, No. 4:25-cv-133-DJH, 2025 WL 3298080, at *7 (W.D. Ky. Nov. 26, 2025) (ordering immediate release after concluding that petitioner's detention without a bond hearing violated due process); *Salinas v. Woosley*, No. 4:25-cv-121-DJH, 2025 WL 3243837, at *5 (W.D. Ky. Nov. 20, 2025) (same).

## II.

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1)     The habeas petition in each of the above-captioned cases is **GRANTED**. Respondents are **DIRECTED** to immediately release each petitioner, and, in the event a petitioner is arrested and re-detained, provide them with a bond hearing before a neutral Immigration Judge in accordance with 8 U.S.C. § 1226(a).  Respondents **SHALL** certify compliance with the Court's Order by a filing on the docket no later than **May 21, 2026**.

(2)     Each matter will be **CLOSED** upon receipt of the notice of compliance filed therein.

May 19, 2026

**David J. Hale, Chief Judge**
**United States District Court**

6